Benjamin CRIFASI, t/a B. Crifasi and
Company, Appellant,

v.

Peter A. HARRIS and Sam A. Harris,
Appellees.

No. 2612.

Municipal Court of Appeals for the
District of Columbia.

Submitted Aug. 1, 1960.

Decided Aug. 25, 1960.

Denis K. Lane, Washington, D. C., for
appellant.

Stanley Klavan and Frank E. Scrivener,
Washington, D. C., for appellees.

Before ROVER, Chief Judge, HOOD,
Associate Judge, and CAYTON (Chief
Judge, Retired) sitting by designation un-
der Code, § 11–776(b).

CAYTON, Acting Judge.

Plaintiffs sued Crifasi, their former real
estate broker, for rent moneys collected and
retained by him. His defense was that he
had earned the money, over and above the
usual broker's fees, for services performed.
The decision of the trial court was in
favor of plaintiffs and is here for review.

Crifasi had been engaged by plaintiffs
to manage four store properties. This was
under an oral agreement, by which his com-
pensation was fixed at 5% of gross rent
collections, for his services as broker in
collecting rents, keeping the property in
repair, disbursing tax and expense items
and negotiating new leases. This arrange-
ment continued for some ten years, and then
plaintiffs terminated the employment. This
was testified to by Crifasi, who was called
as a witness by plaintiffs. He also testified
that plaintiffs had authorized him in writing
to charge tenants a fee for negotiating
leases on the property, and that he did in
fact collect a brokerage fee from one of
the tenants. This was in addition to the
percentage agreed to be payable by plain-
tiffs. Crifasi claimed that he was entitled
to keep the moneys in his possession for
procuring one lease, for "termination" of
one lease, and for obtaining an option of
still another. But at least once in his testi-
mony he said it was agreed that plaintiffs
were not to pay and did not at any time
pay him anything more that the 5% agreed
commission.

The trial judge found that plaintiffs had
a right to terminate the agency when they
did; that the broker was not entitled to
claim commissions beyond the termination
date; and that there was no agreement
under which the broker could claim for
other or additional services.

Counsel for Mr. Crifasi argues that the
ageement between the parties was not ex-
press but implied, and that he was not
limited to the 5% brokerage collection fee.
The ready answer is that Crifasi's own
testimony was that his compensation was
expressly fixed at 5%, for which he was
"to collect the rents and manage the prop-

erty, and whatever was necessary. * * *" In view of this the trial judge properly ruled that the situation was governed by an express rather than an implied contract. See Roebling v. Anderson, 103 U.S.App. D.C. 237, 257 F.2d 615; Burgess v. Grooms, D.C.Mun.App., 81 A.2d 338; 17 C.J.S. Contracts § 3.

As to other errors assigned we find no merit.

Affirmed.